UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN SHOEMAKER,

        Plaintiff,

vs.

CITIMORTGAGE, INC.,

        Defendant.
_____/

Case No. 14-CV-13962

HON. GEORGE CARAM STEEH

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 6]

Plaintiff Calvin Shoemaker filed this case in Jackson County Circuit Court on September 15, 2014, after his mortgage was foreclosed, seeking to have the Sheriff's Deed set aside so that the matter could proceed as a judicial foreclosure. Defendant Citimortgage, Inc. ("CMI") removed the case to this court on October 15, 2014. The matter is presently before the court on CMI's motion to dismiss. The court does not believe that it would benefit from oral argument, and so informed the parties that it would make a determination on the briefs, pursuant to L.R. 7.1(f)(2). Plaintiff has failed to file a timely response to defendant's motion.

In his complaint, Shoemaker alleges wrongful foreclosure due to CMI's failure to follow the requirements of MCL 600.3201 *et seq.*, breach of contract arising out of CMI's failure to fairly negotiate loss mitigation assistance, and fraudulent misrepresentation when CMI allegedly made false statements to Shoemaker which caused him to refrain from challenging the foreclosure.

## FACTUAL BACKGROUND

On May 14, 2003, Shoemaker signed a promissory note, secured by a mortgage with Allied Home Mortgage Capital Corp. ("Allied").  The mortgage was recorded on May 28, 2003, in the Jackson County Register of Deeds.  The mortgage was assigned to ABN AMRO Mortgage Group on May 14, 2003.  CMI is successor in interest to ABM AMRO by reason of merger.  The mortgage contained a power of sale, which allowed the mortgagee to sell the property upon default of the mortgage.

In 2013 Shoemaker defaulted on his mortgage and CMI and Shoemaker engaged in unsuccessful loss mitigation efforts.  CMI foreclosed on the mortgage by sheriff's sale on October 23, 2013.  CMI purchased the property at the sale.  The redemption period expired six months later, on April 23, 2014.

## RULE 12(b)(6) DISMISSAL STANDARD

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting*

*Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

## ANALYSIS

Michigan law grants a mortgagor of residential property a statutory redemption period of six months. M.C.L. § 600.3240(8). When the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. M.C.L. § 600.3236. In this case, the redemption period expired on April 23, 2014. At that time, Shoemaker's rights in the property were extinguished. Once the redemption period expires, the Michigan Court of Appeals has held that a plaintiff lacks standing to bring a claim. *Bryan v. JP Morgan Chase Bank*, 304 Mich. App. 708, 713-15 (2014). The Sixth Circuit, applying Michigan law, has held that once the redemption period has lapsed, in order to avoid dismissal, plaintiffs must come forward with a "clear showing of fraud, or irregularity" in the foreclosure proceedings. *Conlin v. Mortg. Elect. Reg. Sys.*, 714 F.3d 355, 360 (6th Cir. 2013) (quoting *Overton v. Mortg. Elec. Reg. Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. App. 2009)).

Shoemaker has not pled any facts raising a plausible inference that CMI engaged in fraud or irregularity which would warrant setting aside the foreclosure sale. In order to justify setting aside a sheriff's sale, a defect must relate to the sale procedure itself. In addition, the borrower must demonstrate that as a result of the fraud or irregularity, the borrower's ability to maintain his interest in the subject property was prejudiced. *See Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 113, 115-16

(2012). Shoemaker has not filed any response to CMI's motion to dismiss, and has not set forth any allegations, let along evidence, to support a finding of fraud in the sale process that prejudiced his ability to maintain his interest in the property.

The property was sold at sherif's sale on October 23, 2013. Shoemaker failed to redeem the property during the six month redemption period, and has also failed to demonstrate fraud or irregularity with the foreclosure process. Therefore, CMI is vested with "all right, title, and interest" that Shoemaker previously held in the property. Shoemaker does not have standing to challenge the validity of the foreclosure, or to ask the court to set aside the sheriff's sale.

## CONCLUSION

For the reasons stated in this opinion, defendant's motion to dismiss is GRANTED.

Dated: February 24, 2015

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 24, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---